UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 MISC 00 50**

GREGG LERMAN,

                Movant,

-against-

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

                Respondent.

Case No. _____/2013

**MOTION FOR ORDER
PURSUANT TO CUSTOMER
CHALLENGE PROVISIONS OF
THE RIGHT TO FINANCIAL
PRIVACY ACT OF 1978**

FEB 1 5 2013

U.S.D.C. S.D. N.Y.
CASHIERS

Movant Gregg Lerman, through his attorneys, Garvey Schubert Barer, moves this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to his financial records. The agency seeking access is the United States Securities and Exchange Commission.

Movant's financial records are held by Citibank, N.A., Legal Services Intake Unit, 1 Court Square, 12th Floor, Long Island City, New York 11120.

We have attached Movant's sworn statement in support of this motion.

Dated: New York, New York
       February 15, 2013

Respectfully submitted,

GARVEY SCHUBERT BARER

By: _____

      Andrew J. Goodman, Esq.
      *Attorney for Movant*
      100 Wall Street, 20th Floor
      New York, New York 10005
      (212) 965-4534
      agoodman@gsblaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGG LERMAN,

                    Movant,

        -against-

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

                   Respondent.

Case No. _____/2013

**AFFIDAVIT IN SUPPORT:
MOTION FOR ORDER
PURSUANT TO CUSTOMER
CHALLENGE PROVISIONS OF
THE RIGHT TO FINANCIAL
PRIVACY ACT OF 1978**

STATE OF NEW YORK    )
                          )
COUNTY OF NEW YORK  ) ss:

GREGG LERMAN, being duly sworn, deposes and says:

1.     I am the movant in this proceeding for an Order, pursuant to §1110 of the Right to Financial Privacy Act of 1978 ("the Act"), 12 U.S.C. §3410, preventing the government from obtaining access to my personal financial records. The agency seeking access is the United States Securities and Exchange Commission.

2.     The financial records sought by the SEC are not relevant to a legitimate law enforcement inquiry. The subpoena (Exhibit "A") is to Citibank, and it references that it is issued in connection with an investigation of Arjent LLC, no. NY-8652. In October, 2012, I personally received a subpoena from the Commission (Exhibit "B"), which also referenced that investigation. In connection with that subpoena, I learned that the Amended Formal Order of Investigation ("Amended FOI") is to determine whether the broker-dealer Arjent Services LLC (n/k/a "Arjent LLC") has violated certain provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 in connection with any offer or sale of securities. Since the

1

Amended FOI is not a public document, I do not attach is as an exhibit hereto for filing.  I understand that the Commission has previously provided the Court a copy of the Amended FOI in Chambers.

3.     The subpoena served on me related to a supposed private offering of shares in SPK Partners ("SPK") by Arjent LLC.  I am a principal of SPK, which no longer carries out any business and is strictly a holding company.  SPK never conducted any private placement, sale or offering of any securities in the company by or though Arjent LLC.  Any such offerings were concluded before I was registered – or had any relationship whatsoever – with Arjent LLC, and Arjent LLC was not involved in any such offering.  It goes without saying that Arjent LLC therefore did not conduct or participate in any private placement, sale or offering of securities in SPK.  The Investigation deals with potential statutory violations by Arjent LLC in offer or sale of securities.  Since Arjent LLC never offered or sold any securities in SPK, I cannot see how my personal financial information could therefore be in any way relevant to the investigation.

4.     I therefore, through counsel, objected to the subpoena on me.  The Commission ultimately filed a petition to compel, presently pending under docket no. 12-MC-00377-P1 ("the Existing Case"), and to be argued before Judge Koeltl on Tuesday, February 19, 20013, at 4:30 p.m.  Apparently concerned, as it should be, about the probable result of that matter, the Commission is now by this subpoena on Citibank for my personal financial information attempting to circumvent the Court in the Existing Case.  This it should not be permitted to do.

NY_DOCS:613747.1

5.     Accordingly, and for the reasons set forth in the Existing Case, I respectfully request that my motion be granted, that the subpoena on Citibank for my personal banking records be quashed, and such other, further and different relief as the Court deems just and proper.

_____
GREGG LERMAN

Sworn to before me this
_15rd_ day of February 2013

_____
Notary Public

DONALD KAHLER
Notary Public, State of New York
No. 01KA6226339
Qualified in New York County
Commission Expires 08/09/2014

3

# Exhibit A



RECEIVED

FEB 12 2013 UPS

GARVEY SCHUBERT
BARER

WRITER'S DIRECT DIAL
MICHAEL PALEY
(212) 336-0145

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

## CUSTOMER NOTICE LETTER

February 11, 2013

Mr. Gregg Lerman
173 16th Avenue
Sea Cliff, NY 11579-1018

Re: Arjent LLC (NY-8652)

Dear Mr. Lerman:

Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Securities and Exchange Commission (the "Commission") in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22. On September 7, 2012 the Commission entered an amended formal order of investigation, "In the Matter of Arjent LLC." The attached subpoena was issued pursuant to the amended formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation. That order states that the Commission deems certain acts and practices to be in possible violation of: Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. You may arrange to review a copy of the amended formal order, if you have not already done so, by contacting me.

The authority for this investigation is: Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act. If you desire a copy of the authority for this investigation, please contact me.

If you desire that such records or information not be made available, you must:

(1)     Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Commission, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2)     File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

      a. District Court for the Southern District of New York

      b. District Court with jurisdiction over the financial institution.

      c. District Court with jurisdiction over your place of residence.

      d. Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3)     Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

Michael Paley
Assistant Regional Director
U.S. Securities and Exchange Commission
Suite 400
New York, NY 10281

and

Richard M. Humes, Esq.
Associate General Counsel
Securities and Exchange Commission
100 F St., N.E.
Washington, D. C. 20549

(4)     Be prepared to come to court and present your position in further detail.

(5)     You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or information requested therein will be made available to the Commission. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

Michael Paley
Assistant Regional Director

Enclosures:

Subpoena
Instructions
Motion Form
Certificate of Service
Sworn Statement Form

cc:   Andrew Goodman, Esq.



## SUBPOENA

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

To:    Citibank
Legal Services Intake Unit
1 Court Square, 12th Floor
Long Island City, NY 11120

**YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at: **ENF-CPU, U.S. Securities & Exchange Commission, 100 F. St., N.E. Mailstop 5973, Washington D.C. 20549-5973** no later than **February 28, 2013, at 5 p.m**

**YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at **10 a.m. on March 4, 2013 at 3 World Financial Center, Suite 400, New York, NY 10281.**

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____    Date:   February 11, 2013
       Michael Paley
       Assistant Regional Director
       3 World Financial Center, Suite 400
       New York, NY 10281

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

## ATTACHMENT TO SUBPOENA
### Arjent LLC (NY-8652)

A.  **Definitions**

    1.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be outside of its scope.

    2.  The terms "any" and "all" shall be construed to mean "any and all."

    3.  "Concerning" shall mean directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing, constituting, or in any way touching upon.

    4.  "Documents" shall mean all records and other tangible forms of expression including, without limitation, originals, drafts or finished versions, or annotated or nonconforming copies, however created, produced or stored (manually, mechanically, electronically or otherwise), including electronic mail, instant messages, books, audit work papers, files, notes, account statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, records of electronic communications, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, calendars, date books, appointment books, diaries, notices and summaries, wherever located.

    5.  "Relevant Period" shall mean the period from January 1, 2009 to the present.

    6.  The use of the singular form of any word includes the plural and vice versa.

**B.**     <u>Documents Requested</u>

For the Relevant Period, please produce the following information for <u>all</u> accounts maintained at Citibank by Gregg Lerman, including, but not limited to, account number 08563844:

a.   all account opening and closing documents, including but not limited to signature cards and powers of attorney;

b.   all monthly and other periodic account statements;

c.   all documents concerning deposits into the account, including but not limited to, deposit slips (front and back), checks (front and back), wire transfer instructions, memoranda, and reports for any and all such transactions;

d.   all documents concerning withdrawals from the account, including but not limited to, checks (front and back), wire transfer instructions, memoranda, and reports for any and all such transactions;

e.   all debit and credit memoranda, including, but not limited to, wire transfers, bankers acceptances, and bank charges for any and all transactions;

f.   all contracts, agreements, receipts, and other documents relating to the rental of any safety deposit box by or in the name of any of the foregoing entities or persons; and

g.   all correspondence, memoranda, and letters of instruction relating to any of the foregoing accounts.

Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Citibank in relation to an account in the name of a "customer" other than Gregg Lerman. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Citibank, or for whom Citibank is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

## INSTRUCTIONS FOR COMPLETING AND FILING THE
## ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the enclosed motion and sworn statement forms. The information required for each space is described in parentheses after each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the enclosed notice. You may also challenge the Commission's access to the financial records if you believe there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order for the applicable fee to the Clerk of the appropriate U.S. District Court. (Courts may charge varying filing fees; you should contact the Clerk of the Court to determine the exact amount.)

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Commission officials whose names appear on the Customer Notice. These papers must be received by those officials on or before the earlier of 14 days after the date of mailing of the subpoena or 10 days after delivery for your rights under the Right to Financial Privacy Act to be preserved.

5. If you have further questions, contact the Commission officials whose names and telephone numbers appear on the Customer Notice.

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____
_____ (Your Name),
    Movant

    v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
    Respondent
_____

MOTION FOR ORDER
PURSUANT TO CUSTOMER CHALLENGE PROVISIONS
OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, _____, (your name) move this Court, pursuant to Section 1110 of the
Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government
from obtaining access to my financial records.  The agency seeking access is the United States
Securities and Exchange Commission.

    My financial records are held by _____
_____
_____ _____ (name and address of financial institution).

    I have attached my sworn statement in support of this motion.

                      Respectfully submitted,

                      _____ _____
                      __ _____
                      _____
                      _____
                      (Your Signature, Name, Address,
                          and Telephone Number)

CERTIFICATE OF SERVICE

    I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to _____
_____ (names of officials listed at Item 3 of Customer Notice)
on _____ (date).

_____
(Signature)

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ _____ (Your Name),
    Movant

    v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
    Respondent

I, _____ (your name), (am now/was previously) a customer of

_____ _____(name and address of financial institution) and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because


or should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that


or should not be disclosed on the following other legal basis:


I declare under penalty of perjury that this statement foregoing is true and correct.

                            _____
                                (signature)

Dated: _____



# Exhibit B



SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

To:    Mr. Gregg Lerman
173 16th Avenue
Sea Cliff, NY  11579-1018

**YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at 3 World Financial Center, Suite 400, New York, NY, no later than **October 12, 2012, at 5 p.m.**

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By:                                 Date:   October 2, 2012
Mona S. Akhtar
3 World Financial Center, Suite 400
New York, NY 10281
(212) 336-0019

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

ATTACHMENT TO SUBPOENA TO GREGG LERMAN
DATED OCTOBER 2, 2012
Arjent LLC (NY-8652)

A.    **Definitions**

1.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be outside of its scope.

2.    The terms "any" and "all" shall be construed to mean "any and all."

3.    "Concerning" shall mean directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing, constituting, or in any way touching upon.

4.    "Documents" shall mean all records and other tangible forms of expression including, without limitation, originals, drafts or finished versions, or annotated or nonconforming copies, however created, produced or stored (manually, mechanically, electronically or otherwise), including electronic mail, instant messages, books, audit work papers, files, notes, account statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, records of electronic communications, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, calendars, date books, appointment books, diaries, notices and summaries, wherever located.

5.    "Relevant Period" shall mean the period from April 1, 2008 to the present.

6.    The use of the singular form of any word includes the plural and vice versa.

7.    "SPK" shall mean SPK Partners and any corporate parents, subsidiaries, affiliates, predecessors, or successors thereof and any of their current or former partners, principals, agents, representatives, or employees.

8.  "Arjent" shall mean Arjent LLC, the Delaware limited liability company, and any corporate parents, subsidiaries, affiliates, predecessors, or successors thereof, including, but not limited to Delaware corporation Arjent Services Limited, and any of their current or former partners, principals, agents, representatives, or employees.

9.  "Arjent UK" shall mean the United Kingdom company Arjent Services Limited and any corporate parents, subsidiaries, affiliates, predecessors, or successors thereof, including, but not limited to, Arjent Limited, and any of their current or former partners, principals, agents, representatives, or employees.

**B.**     <u>Documents Requested</u>

Please produce the following for the Relevant Period, unless otherwise indicated:

1.   All drafts and final versions of private placement memoranda or other offering documents concerning SPK.

2.   All marketing and promotional materials concerning SPK.

3.   Documents sufficient to identify the names, addresses, and telephone numbers of all investors in SPK including the amount invested and the date of such investment.

4.   For each investor identified in response to the previous request, documents sufficient to show which investors also held accounts at Arjent or Arjent UK.

5.   Completed subscription agreements for each investor in each offering.

6.   The most recent organizational charts concerning SPK, showing the nature of the relationship of SPK to any related entities.

7.   All documents concerning the formation of SPK, including, but not limited to, articles of incorporation, corporate charters, and general or limited partnership agreements.

8.   Documents sufficient to show the use of proceeds by SPK, including, but not limited to the general ledger for SPK.

9.   Documents sufficient to identify all current and former officers, directors, managing members and employees of SPK. In lieu of producing such documents you may provide a chart listing the current and former officers, directors, managing members and employees.

10.  Documents sufficient to identify the name, account number, and financial institution where located, of all accounts into which funds from investors in SPK are or were deposited or transferred. Also produce all monthly and other periodic account statements for any such account.

11.  All correspondence (electronic or otherwise) with investors and potential investors in SPK.

12.  All account statements or other documents sent to investors in SPK.

13.  All documents concerning all investor complaints, litigations, and arbitrations, pending or settled, concerning SPK.

14.   All documents concerning any contracts, agreements or other arrangements <u>between</u> Arjent, Arjent UK or Robert DePalo <u>and</u> SPK.

15.   All documents concerning communications (electronic or otherwise) <u>between</u> SPK <u>and</u> Arjent, Arjent UK or Robert DePalo.